Estate of John M. Evans, deceased, in the matter of Lizzie Evans, a minor. Appeal of Evan M. Evans.

*Trusts and trustees—Failure of deposit bank—Laches of guardian.*

A trustee or guardian is not liable for loss resulting from the failure of a bank, where money is deposited temporarily, pending investment, but if a guardian leaves his ward's money for an undue time on deposit and uninvested and without effort to invest same, he is liable for loss resulting from the failure of the bank; although there may be no bad faith on the guardian's part, still the loss, due only to his ignorance or neglect of the duties imposed upon guardians, cannot be permitted to fall upon the minors.

Argued Jan. 11, 1898. Appeal, No. 19, Jan. T., 1898, by Evan M. Evans, from decree of O. C. Luzerne Co., No. 198, of 1890, surcharging guardian of Lizzie Evans. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Exceptions to guardian's account. Before DARTE, P. J.

It appears from the record and evidence that John M. Evans died in 1890, leaving a widow and four minor children. By virtue of some arrangement between the guardian, the adminis-

trator and the widow, the guardian received through the administrator of the estate of John M. Evans $1,300 which seem to have been deposited by common consent in the banking house of F. V. Rockafellow & Co. in the name of Evan M. Evans, guardian.

At the time of this deposit with Rockafellow & Co. their standing in financial circles of the city of Wilkes-Barre was good.  On February 7, 1893, without suspicion on the part of any of the depositors their banking house became insolvent, subsequently paying only about six per cent of a dividend to the depositors.

At the time of the failure of the bank there remained due on said deposit to Evan Evans as guardian a balance of $904.   Of this amount one third was the widow's and the balance belonged to the wards.   There was also evidence to show that Mr. Evans had not invested this money but had left it since 1890 to the day of the failure in 1893 uninvested with the banking house.

The court below surcharged the guardian with the shares belonging to the minors, the share accruing to Lizzie Evans being with interest from May 1, 1892, $208.77.   The guardian appealed.

*Error assigned* among others was (2) in surcharging the guardian with $150.66 with interest thereon from May 1, 1892, the said principal sum of $150.66 being on deposit with the bank of F. V. Rockafellow & Company when the bank became insolvent.

*John T. Lenahan*, for appellant.—The measure of diligence and care required on the part of a trustee is that which a man of ordinary prudence would practice in the care of his own estate.   A reasonable degree of diligence and the exercise of good faith is the standard of his duty : Fahnestock's Appeal, 104 Pa. 46; Moore's Est., 26 W. N. C. 251.

A guardian is not required to invest small balances for that might be impracticable : Widdoes' Est., 17 Phila. 469.

A guardian is allowed the exercise of reasonable discretion and a prudential care in the management of his trust : Eyster's Appeal, 16 Pa. 372.

*A. Ricketts*, for appellee.

144        ESTATE OF LIZZIE EVANS.

OPINION BY PORTER, J., March 21, 1898 :

This appeal comes up on exceptions to the adjudication of the orphans' court upon the account of a guardian. The effect of the adjudication is to surcharge the guardian with a sum of money (received by him shortly after his appointment by the court), which should have been paid in the first instance to the administrator of the estate of the father of the minors. The guardian deposited the money in his name as guardian in a reputable and solvent banking house, which subsequently failed. The administrator of the father's estate then filed an account as if the fund had been received by him. The account was finally confirmed, and a small balance due to the minors was awarded to the guardian. With this balance the guardian, in his account as first filed, charges himself. The guardian did not, however, receive the balance awarded to him by the adjudication upon the account of the administrator. He received, anterior to the filing of that account, a considerably larger sum. The account of the guardian as filed was therefore wrong, and the court below has correctly held that the guardian must account, not for the apparent, but for the actual amount received by him for his wards.

The money thus received was lost through the failure of the bank where it was deposited. It is claimed on behalf of the minors that the guardian must make good the loss. If the deposit was made as an investment the guardian will be liable. It, however, lacks every element of an investment. It was not a loan. It bore no interest. It was not even subject to notice of intended withdrawal. It was a mere deposit,—the making of which by the guardian (and in his own name) was an obligation. To continuously retain the money undeposited for a considerable time might well have been regarded as a failure of duty.

It has been said in Law's Estate, 144 Pa. 499, that "a trustee will not be liable for the failure of a bank in which trust funds have been deposited, if he has suffered them to remain there only for a reasonable time ; but if he allows them to lie there by way of investment, he will be liable to make good the loss." Eliminating then from the transaction the idea of investment, was the time during which the funds remained on deposit unreasonably and negligently prolonged ?

As to the whole of the fund belonging to the minors, it remained untouched for more than a year, and as to the earlier and larger portions of it, the guardian made no effort to invest them for nearly four years before the failure of the bank. This was the guardian's idea of his duty. The aid and direction of the court were not sought in making disposition or investment of the fund. There is no bad faith on the part of the guardian shown by the evidence. The loss that has befallen is due only to his ignorance of the duties imposed by the law upon guardians. While the reasons for the failure to invest are plausible, yet they are not sufficiently cogent to persuade us that the loss here disclosed should fall upon the minors rather than upon him whose lack of proper diligence and care has occasioned it.

The decree of the court below is affirmed.

